IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE L. MARRERO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>S. PATTERSON; SALAZAR; LUNA; SERGEANT KENMORE; SERGEANT HERRERO; LIEUTENANT DELAROSA; LIEUTENANT PENA; LIEUTENANT RODRIGAZ; LIEUTENANT KAHN; CAPTAIN METCALF; CAPTAIN AGUILAR; NURSE SALAZAR; ASSISTANT WARDEN HOFFMAN; AND WARDEN HATTON,<br><br>　　　　Defendants. | No. C 17-3458 WHA (PR)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS FOR SUMMARY JUDGMENT AND FOR JUDGMENT ON THE PLEADINGS; LIFTING STAY ON DISCOVERY; SCHEDULING FURTHER DISPOSITIVE MOTION**<br><br>(Dkt. No. 18) |

**INTRODUCTION**

Plaintiff, an inmate at Pelican Bay State Prison, filed this civil rights case under 42 U.S.C. 1983 alleging that defendants — who all work at the California Training Facility ("CTF") in Soledad, California, where plaintiff was formerly housed — violated his constitutional rights. Defendants filed a motion for summary judgment and for judgment on the pleadings. Plaintiff was granted extensions of time allowing him approximately six months to file an opposition, and warned of the consequences of not doing so, but he did not file one. For the reasons discussed below, the motion for summary judgment is **GRANTED IN PART AND DENIED IN PART**.

| | |
|---|---|
| 1 | **STATEMENT** |
| 2 | On February 24, 2016, defendant Patterson ordered plaintiff to "cuff up" and to come |

On February 24, 2016, defendant Patterson ordered plaintiff to "cuff up" and to come out of his cell to be searched. According to Patterson, she saw plaintiff break his contraband cell phone and swallow the phone's SIM card before coming out of the cell. Plaintiff asserted that he did not swallow it and that Patterson lied because she was angry that he had disobeyed her orders. Defendants placed plaintiff on "Contraband Savings Watch" ("CSW") for 72 hours. This entailed being searched while naked, and then detained in a "holding" cage for four hours in handcuffs. He was searched a second time and put into a backwards jumpsuit with tape tightly wrapped around his ankles and stomach. He was handcuffed to his waist and placed in leg irons. He was housed in an empty cell with only a bed, but no mattress or blanket, a bucket to use for bowel movements, a bottle for urine, and continuous bright lighting thoughout the day and night. Plaintiff alleges that defendants mocked him while he defecated, did not allow him to see a doctor for his swollen and red wrist, and did not allow him to shower, wash, or brush. At the end of 72 hours, no SIM card or contraband had been found in his bowel movements, and he was returned to the administrative segregation unit. Plaintiff alleges that he experienced migraines, neck and back pain, cramps, and numbness and bruising in his hands, wrists, feet and ankles. He requested to see a doctor on February 27, 2016, the day after his release from CSW, but did not see one until March 9, 2016. He received Ibuprofen and was told he may have torn ligaments in his wrists from the handcuffs.

**ANALYSIS**

**I.  SUMMARY JUDGMENT**

Several defendants seek summary judgment on the grounds that plaintiff did not exhaust his claims against them.

1.  STANDARD

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Material facts are those which may affect the

outcome of the case. A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986).

At summary judgment, the judge must view the evidence in the light most favorable to the nonmoving party: if evidence produced by the moving party conflicts with evidence produced by the nonmoving party, the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact. *Tolan v. Cotton*, 134 S. Ct. 1861, 1865 (2014).

Defendants' summary judgment motion may not be granted solely because plaintiff has not opposed it. *See Cristobal v. Siegel*, 26 F.3d 1488, 1494-95 & n.4 (9th Cir. 1994). The court may grant an unopposed motion for summary judgment if the movant's papers are themselves sufficient to support the motion and do not on their face reveal a genuine issue of material fact. *See Carmen v. San Francisco Unified School District*, 237 F.3d 1026, 1029 (9th Cir. 2001).

2. DISCUSSION

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such remedies as are available are exhausted." 42 U.S.C. 1997e(a). "The text of 42 U.S.C. § 1997e(a) strongly suggests that the PLRA uses the term 'exhausted' to mean what the term means in administrative law, where exhaustion means proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 92 (2006). "Proper exhaustion demands compliance with an agency's . . . critical procedural rules because

3

no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91 (footnote omitted). It is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. *Jones v. Bock*, 549 U.S. 199, 217-18 (2007).

Defendants concede that plaintiff properly presented his claim through all of the available levels of administrative review, but only as to defendants Patterson, Kennamore, Da Rosa, Metcalf, Hoffman, and Hatton. These were the only defendants named in plaintiff's administrative grievance when he originally submitted it at the first level of review. As of January 2011, California regulations require that an administrative grievance name "all staff member(s) involved" and "describe their involvement in the issue." Cal. Code Regs. tit. 15, § 3084.2(a)(3); *compare Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir. 2010) (PLRA exhaustion requirement satisfied by administrative grievance that did not name defendants because pre-2011 version of regulations in effect at the time did not require inmates to name responsible parties in grievances), and *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (same). Because plaintiff's grievance named defendants Patterson, Kennamore, Da Rosa, Metcalf, Hoffman, and Hatton, he complied with the prison regulations in filing his grievance against them and therefore properly exhausted his claims against them under the PLRA. Plaintiff named additional defendants when he submitted his grievance to the third level of review: defendants Salazar, Aguilar, and Herrero. Neither the prison regulations nor the PLRA prohibit naming additional defendants at the third level of review. Therefore, plaintiff's grievance also properly exhausted his claims against defendants Salazar, Aguilar, and Herrero under the PLRA. Plaintiff did not name the remaining defendants — Luna, Pena, Rodriguez, and Khan — in his administrative grievance. Because the regulations required him to do so, he did not properly exhaust his claims against these four defendants as required by the PLRA. Therefore, defendants Pena, Rodriguez, Luna, and Khan are entitled to summary judgment on exhaustion grounds.

## II. JUDGMENT ON THE PLEADINGS

The complaint was found, when liberally construed, to state cognizable claims for the violation of plaintiff's due process and Eighth Amendment rights. Defendants move for judgment on the pleadings on the grounds that there is no cognizable due process violation alleged, and they are entitled to qualified immunity on plaintiff's Eighth Amendment claims.

### 1. STANDARD

Judgment on the pleadings is proper when the moving party establishes "on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Fed. R. Civ. P. 12©. A motion for judgment on the pleadings is generally evaluated on the same legal standard as a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Lopez Reyes v. Kenosian & Miele, LLP*, 525 F. Supp. 2d 1158, 1160 (N.D. Cal. 2007).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations and internal quotations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires . . . enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).

Review is limited to the contents of the complaint, *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994), including documents physically attached to the complaint or documents the complaint necessarily relies on and whose authenticity is not contested. *Lee v. County of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The court need not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact,

5

or unreasonable inferences." *Ibid.* A *pro se* pleading must be liberally construed, and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Twombly*, 550 U.S. at 570 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### 2. DUE PROCESS

Defendants have shown that plaintiff's placement on CSW does not implicate his federal constitutional right to due process. Placement on an "investigative contraband watch is the type of condition of confinement that is ordinarily contemplated by the sentence imposed," and therefore it does not "invoke the protections of the Due Process Clause." *Chappell v. Mandeville*, 706 F.3d 1052, 1063 (9th Cir. 2013). Accordingly, defendants are entitled to judgment on the pleadings on plaintiff's due process claim.

### 3. EIGHTH AMENDMENT

Defendants argue that they are entitled to qualified immunity on plaintiff's Eighth Amendment claim. They cite *Chappell*, in which the Ninth Circuit found that prison officials did not violate the Eighth Amendment when they placed an inmate suspected of ingesting contraband on contraband watch for seven days under conditions similar to those alleged by plaintiff. *See id.* at 1057-63. While *Chappell* may provide that the conditions of CSW are constitutional when necessary to investigate a reasonable suspicion that an inmate has ingested contraband, that is not what is alleged here. Plaintiff's allegations, which much be accepted as true at this stage of the case, are that he did not swallow the phone's SIM card, that Patterson was angry with him for not following her orders, and that she fabricated the story that he swallowed it in order to make him suffer that conditions of CSW. A prison official could not reasonably believe that he or she could lawfully place an inmate under the alleged conditions plaintiff faced for 72 hours on CSW — including defecating into a bucket while being mocked by observing prison officials, continuous lighting, no mattress or blanket, continuous binding of hands — not for the purpose of investigating a reasonable suspicion of contraband ingestion but pursuant to a fabricated story and for the purpose of punishment. *See Saucier v. Katz*, 533 U.S. 194, 202 (2001). Accordingly, defendants are not entitled to judgment on the pleadings on the

grounds of qualified immunity on plaintiff's Eighth Amendment claim.

## CONCLUSION

For the reasons set out above:

1. Defendants' motion for summary judgment and for judgment on the pleadings is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's due process claim against all defendants is **DISMISSED** for failure to state cognizable grounds for relief. The Eighth Amendment claim against defendants Luna, Pena, Rodriguez, and Khan is **DISMISSED** without prejudice to refiling after all available administrative remedies have been properly exhausted on such claim. The Eighth Amendment claim against all other defendants may proceed.

2. In order to expedite the resolution of this case:

a. No later than **91 days** from the date this order is filed, defendants shall file a motion for summary judgment on grounds other than exhaustion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

b. Plaintiff's opposition to such motion, if any, shall be filed with the court and served upon defendants no later than **28 days** from the date of service of the motion. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

c. Defendant **shall** file a reply brief no later than **14 days** after the date of service of the opposition.

d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

e. Along with his motion, defendant shall proof that they served plaintiff the *Rand* warning at the same time they served him with their motion. Failure to do so will result in the summary dismissal of their motion.

7

3. All communications by the plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

4. The stay on discovery pending resolution of the issue of qualified immunity is **LIFTED**. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

IT IS SO ORDERED.

Dated: September 4, 2018.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in [current Rule 56©], that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.